UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MORRIS L. HORWITZ, Chapter 7
Trustee of Advanced Educational
Products, Inc.,

        Plaintiff-Appellant,        22-CV-643 (JLS)

v.

ELIZABETH SELLAN,

        Defendant-Appellee.

---

## DECISION AND ORDER

Plaintiff-Appellant Morris L. Horwitz appeals from an order of the United States Bankruptcy Court for the Western District of New York entered on August 11, 2022, which granted Defendant-Appellee Elizabeth Sellan's motion to dismiss. *See generally* Dkt. 1.[1]

This Court has jurisdiction over appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that the "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of court, from other interlocutory orders and decrees . . . of

---

[1] Citations to the docket of the adversary proceeding (No. 1-20-1026-MJK) in the underlying bankruptcy case (*In re Advanced Educational Products, Inc.*, No. 1-17-12576 (MJK)) will be cited as "Bankr. Dkt." Citations to the appellate docket will be cited as "Dkt." Page references and citations to the parties' written submissions and attached exhibits use the pagination automatically generated by CM/ECF, which appears in the header of each page.

bankruptcy judges." 28 U.S.C. § 158(a)(1), (3). A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *In re Ehrenfeld*, No. 19-CV-8718 (RA), 2020 WL 5758819, at *2 (S.D.N.Y. Sept. 28, 2020) (quoting *In re Margulies*, 566 B.R. 318, 328 (Bankr. S.D.N.Y. 2017)).

A district court reviews a bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. Fed. R. Bankr. P. 8013; *In re Vouzianas*, 259 F.3d 103, 107 (2d Cir. 2001); *In re Bennett Funding Grp., Inc.*, 146 F.3d 136, 138 (2d Cir. 1998). The dismissal of a complaint is a legal conclusion subject to *de novo* review. *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) ("We review *de novo* a district court's dismissal of a complaint for lack of standing."); *see also Raine v. Lorimar Prods., Inc.*, 71 B.R. 450, 452 (S.D.N.Y. 1987) ("Because this is an appeal from [a Bankruptcy Court's] decision on a motion to dismiss for failure to state a claim, purely legal considerations are involved, and thus this court's review must be *de novo*."). When reviewing such a dismissal, a court "accept[s] all factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

The Trustee alleges—before the Bankruptcy Court and here—that it was defrauded by Defendant into a lower settlement of alleged preference claims. In particular, according to the Trustee, Defendant failed to disclose to the Trustee business relationships and asset transfers, and "fraudulently misappropriated" funds. Dkt. 6, at 5. In possession of allegedly incomplete information, the Trustee

sent a demand letter to Defendant's LLC and settled with the LLC for $1,500. *See id.* at 5.

The Bankruptcy Court approved that settlement in a January 17, 2020 order, which ordered that "the Trustee shall have no further claim against [the LLC], its agents or employees arising out of the payments made by Debtor to [the LLC]." *In re Advanced Educational Products, Inc.*, No. 1-17-12576 (MJK), Doc. 428; *see also* Dkt. 3-7, at 7; Dkt. 9, at 17–18.

As a result, the release order resolved any dispute between the parties and has res judicata effect. *See In re Joint E. & S. Dist. Asbestos Litig.*, 129 B.R. 710 (E.D.N.Y. 1991), *vacated on other grounds*, 982 F.2d 721 (2d Cir. 1992), *opinion modified on reh'g*, 993 F.2d 7 (2d Cir. 1993) ("Once approved by the bankruptcy court, a compromise takes the form of an order of the court and has the effect of a final judgment."); *In re Albicocco*, No. 06-CV-3409 (JFB), 2006 WL 2376441, at *9 (E.D.N.Y. Aug. 16, 2006) ("A bankruptcy court's approval of a settlement order that resolves litigation between parties is a final order, and is 'entitled to full res judicata effect.'") (quoting *In re Gibraltar Res., Inc.*, 210 F.3d 573, 576 (5th Cir. 2000)). Thus, the Trustee's argument about "voiding the release" cannot sidestep this release order; that order remains the operative impediment to its lawsuit. *See* Dkt. 10, at 15–18.

Nevertheless, citing these alleged frauds, the Trustee sued Defendant, prompting the Bankruptcy Court's dismissal order, which is at issue on this appeal. At the August 2022 argument before the Bankruptcy Court, the Trustee pressed its

3

fraud allegations, but the Court identified its concern that a Rule 60 motion for relief from judgment premised on fraud must be filed within one year of the order.[2]

> The Court: Rule 60 says that a motion for relief from the judgment premised on fraud must be filed within a year after entry of the Order. How do you get by that?
>
> Mr. Cohen: We get by that because in the presence of fraud, your Honor, everything goes out the window and there are (indiscernible).
>
> The Court: I can't ignore the—I can't ignore Rule 60. There has not been a motion by the Trustee to —for relief from the Order—and I don't see how it would be successful because of the one-year limitation in Rule 60.

Bnkr. Dkt. 57, at 8. The Bankruptcy Court then dismissed the complaint accordingly. *See* Dkt. 1-2, at 1–2; Dkt. 3-11, at 3–4.

The Trustee argues that Defendant fraudulently induced the compromise and misled the Bankruptcy Court to approve it. *See* Dkt. 3-2. But because the Trustee's allegations do not amount to a fraud on the Court[3] under Fed. R. Civ. P. 60(d)—

---

[2] No such motion had been filed. The Trustee moved to be relieved from the order and compromise on September 12, 2022, one month after the dismissal order. *See* Bankr. Dkt. 47. On October 11, 2022, the Bankruptcy Court stayed the proceedings on this motion. Bankr. Dkt. 62.

[3] Pursuant to Rule 60(d), a court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). A motion to vacate for fraud committed on the court is not subject to the one-year limitation. Fed. R. Civ. P. 60(b); *see also King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002). "[S]uch fraud must 'seriously affect[ ] the integrity of the normal process of adjudication.'" *LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180, 182 (2d Cir. 2010) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988)). "Fraud upon the court should embrace 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery

4

which has no time limit—the Trustee is bound by (and barred by) the one-year limitation of Rule 60(c)(1) applicable to claims of fraud by an opposing party. Thus, the Bankruptcy Court correctly held that any challenge to the order was untimely, and that no suit against Defendant could proceed in light of the preclusive effect of its order approving the settlement and releasing Defendant as one of the LLC's agents.

The Trustee also argues that (1) Defendant's motion to dismiss was untimely, (2) the Bankruptcy Court did not supply an adequate rationale, and (3) it should have been permitted to amend its complaint. *See* Dkt. 6, at 14–24. Defendant argues that items 1 and 3 were not preserved. *See* Dkt. 9, at 20–22. The Trustee's arguments nevertheless relate to the Bankruptcy Court's docket management and/or its exercises of discretion—all subject to an abuse of discretion review. *See, e.g., Krakowski v. Am. Airlines, Inc.*, 610 B.R. 714, 720 (S.D.N.Y. 2019), *aff'd sub nom. In re AMR Corp.*, 834 F. App'x 660 (2d Cir. 2021) ("The Bankruptcy Court's decisions regarding the management of its docket are reviewed for abuse of discretion.") (citation omitted). No abuse exists on this record. Moreover, nothing

---

cannot perform in the usual manner its impartial task of adjudging cases.'" *King*, 287 F.3d at 95 (quoting *Hadges v. Yonkers,* 48 F.3d 1320, 1325 (2d Cir. 1995)). The Trustee's allegations do not rise to the level of fraud on the court. *See United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) ("Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.") (citations omitted); *In re Ramsey*, 451 B.R. 399, 403 (Bankr. W.D. Pa. 2011) ("[T]he alleged nondisclosure [] herein constitutes, at worst, fraud of the type that would be covered under Rule 60(b)(3), that is fraud that would not rise to the level of fraud on the court.").

5

the Trustee argues gets this or any other hypothetical, related complaint[4]—viewed on the merits—past the preclusive effect of the Bankruptcy Court's release order.

For these reasons, the Court affirms the Bankruptcy Court's August 11, 2022 Order granting the motion to dismiss. The Clerk of the Court is directed to close this matter.

SO ORDERED.

Dated:   February 15, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Defendant filed a proposed amended complaint (Bankr. Dkt. 17-1, at 16–21) on February 22, 2022. These allegations have been accounted for above.